KARL ANDERSEN, ESQ.
Nevada State Bar No. 10306
SAMUEL G. BROYLES, JR., ESQ. APC
Nevada State Bar No. 5888
**ANDERSEN & BROYLES, LLP**
5550 Painted Mirage Road, Suite 320
Las Vegas Nevada 89149
Telephone: 702-220-4529
Facsimile: 702-834-4529

200 South Virginia Street, Suite 800
Reno, Nevada 89501
Telephone: 775-448-6169
Facsimile: 888-816-8129
sam@andersenbroyles.com
karl@andersenbroyles.com

Attorneys for Plaintiff,
NEW VISION GAMING, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEW VISION GAMING AND DEVELOPMENT, INC., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>BALLY GAMING INC, dba BALLY TECHNOLOGIES, a Nevada corporation,<br><br>Defendant. | Civil Case No. 2:17-cv-01559-APG-PAL<br><br>**STIPULATION AND ORDER TO STAY PENDING RESOLUTION OF NEW VISION'S MOTION TO DISMISS** |

Pursuant to LR 7-1 and LR IA 6-2, Defendant Bally Gaming, Inc. ("Bally") and Plaintiff New Vision Gaming and Development, Inc. ("New Vision"), by and through their counsel, hereby jointly request that the Court stay discovery between the parties, disclosures, and the filing of a proposed case schedule in this matter pending this Court's resolution on New Vision's Motion to Dismiss (ECF No. 14).

In support of this stipulation, the parties state as follows.

## I. PROCEDURAL HISTORY

On September 29, 2017, Bally filed an Answer that asserted six counterclaims against New Vision: (1) Declaration of Patent Invalidity; (2) Material Breach of Contractual Warranties; (3) Mistake; (4) Unjust Enrichment; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (6) Contractual Declaratory Relief. (ECF No. 7). These counterclaims relate to the same central issue that New Vision's complaint raises: whether and to what extent Bally owes New Vision royalties on the parties' patent license agreement.

On October 20, 2017, New Vision filed a Motion to Dismiss all of Bally's counterclaims except (1) Declaration of Patent Invalidity. (ECF No. 14). The parties have held their Rule 26(f) conference and have agreed that the Court should stay discovery between the parties and disclosures, pending a ruling on the Motion.

As the parties were finalizing this stipulation yesterday afternoon, the Court issued a scheduling order, which, among other things, set a deadline of December 5, 2017 by which to hold a Rule 26(f) conference (ECF No. 21).

## II. GOOD CAUSE EXISTS TO STAY DISCOVERY

The Court has "wide discretion in controlling discovery" and should stay or control discovery pending a decision on a motion if doing so would further the "goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). New Vision's Motion to Dismiss is based on Rules 12(b)(1) and 12(b)(6). (ECF No. 14 at 2). While the parties dispute whether New Vision's Motion to Dismiss has merit, the parties agree that the Court's ruling granting *or* denying the Motion could clarify issues with respect to contract interpretation and damages relevant to *both* the overlapping claims and counterclaims. This, in turn, would guide and potentially significantly narrow the scope of relevant discovery. This would be consistent with Rule 1's directive to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Relatedly, Bally informs the Court that it is planning to file a Petition for a Covered Business Method Patent Review (CBM) with the Patent and Trademark Office, arguing that each

of the licensed patents is directed to patent-ineligible subject matter under 35 U.S.C. § 101 and is thus invalid. Accordingly, shortly after filing the CBM petitions, Bally intends to seek a stay of this proceeding pursuant to § 18(b)(1) of the America Invents Act (AIA), Pub L. No. 112–29, 125 Stat. 284, 329–31 (2011). At this time, however, the parties have not entered into any stipulations regarding a further stay based on Bally's anticipated CBM petitions and simply agree that a stay pending review of the motion to dismiss would further judicial economy.

It would make little sense to engage in extensive discovery now, only to have that discovery mooted by the Court's decision on New Vision's Motion to Dismiss. The parties will be better equipped to propose a more efficient schedule in the future. However, Local Patent Rule 1-23 dictates that, absent a stay, all fact and expert discovery would end on June 26, 2018, and the Court's recently issued scheduling order (ECF No. 21) has discovery closing on February 28, 2018. Under either timeline, the parties would need to engage in expensive discovery almost immediately. Adding to the burden and inefficiency, the parties would have to serve patent invalidity and infringement contentions in the near future.

### III. CONCLUSION

The parties stipulate to a stay of disclosures and discovery (other than third party discovery) and the filing of a proposed case schedule until fourteen (14) days after this Court's resolution on New Vision's Motion to Dismiss (ECF No. 14). At that point, the parties would

///

137690881.3

propose a schedule that allots the full amount of time for discovery as allowed under the applicable local rules.

It is so stipulated:

| | |
|---|---|
| Dated November 22, 2017 | Dated: November 22, 2017 |
| ANDERSEN & BROYLES, LLP. | PISANELLI BICE PLLC |
| /s/ Samuel G. Broyles Jr.<br>Karl Andersen, Esq.<br>Samuel G. Broyles Jr., Esq<br>5550 Painted Mirage Road, Suite 320<br>Las Vegas, Nevada 89149<br>Attorney for Plaintiff<br><br>*Attorneys for Plaintiff,*<br>*New Vision Gaming, Inc.* | /s/ M. Magali Mercera<br>James J. Pisanelli, Esq.<br>M. Magali Mercera, Esq.<br>400 South 7th Street, Suite 300<br>Las Vegas, Nevada 89101<br><br>PERKINS COIE LLP<br><br>/s/ John H. Gray<br>Jessica L. Everett-Garcia<br>John H. Gray<br>Nathan R. Kassebaum<br>(admitted *pro hac vice*)<br>2901 North Central Avenue, Suite 2000<br>Phoenix, Arizona  85012-2788<br><br>*Attorneys for Defendant and Counterclaimant*<br>*Bally Gaming, Inc* |

**ORDER**

IT IS SO ORDERED this 18th day of December 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**