KARL ANDERSEN, ESQ.
Nevada State Bar No. 10306
SAMUEL G. BROYLES, JR., ESQ. APC
Nevada State Bar No. 5888
**ANDERSEN & BROYLES, LLP**
5550 Painted Mirage Road, Suite 320
Las Vegas Nevada 89149
Telephone: 702-220-4529
Facsimile: 702-834-4529

200 South Virginia Street, Suite 800
Reno, Nevada 89501
Telephone: 775-448-6169
Facsimile: 888-816-8129
sam@andersenbroyles.com
karl@andersenbroyles.com

Attorneys for Plaintiff,
NEW VISION GAMING, INC.

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| NEW VISION GAMING AND DEVELOPMENT, INC., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>BALLY GAMING INC, dba BALLY TECHNOLOGIES, a Nevada corporation,<br><br>Defendant. | Civil Case No. 2:17-cv-01559-APG-PAL<br><br>**JOINT REPORT OF EARLY MEETING AND STIPULATION AND PROPOSED ORDER TO MODIFY COURT'S SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE)** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Patent Rule 1-2, and this Court's Orders (ECF Nos. 21 and 25), the parties to this action, Plaintiff New Vision Gaming and Development, Inc. ("New Vision") and Defendant Bally Gaming Inc., dba Bally Technologies, ("Bally") hereby certify the parties have held their Rule 26(f) conference and submit this Joint Report of Early Meeting and Stipulation respectfully requesting modification of the Court's scheduling order entered on November 21, 2017 (ECF No. 21) pursuant to Local Patent Rule 1-3.

# I. RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), Local Rule 26-1, and the Patent Local Rules, the parties submit the following:

## A. Applicability of Patent Local Rules

This action involves New Vision's claim for damages for breach of an agreement that New Vision contends is a FRE License Agreement relating to certain patents, along with certain counterclaims, including Bally's request for a declaration of patent invalidity. Because this is a "civil action[] … that seek[s] a declaratory judgment that a patent … is invalid," the Patent Local Rules apply. LPR 1-2. The parties agree that applicability of the Patent Local Rules will affect the proposed discovery schedule and the Court's case schedule.

## B. Proposed Modifications to the Court's Scheduling Order.

Bally has filed petitions for CBM review with the PTAB on the two patents at issue in this case. *See* CBM2018-00005, CBM2018-00006. Institution decisions in those proceedings are expected by June 27, 2018. If the PTAB institutes review on the patents, Bally expects to file a motion to stay the present litigation pursuant to § 18(b)(1) of the America Invents Act (AIA), Pub L. No. 112–29, 125 Stat. 284, 329–31 (2011). For that reason, the proposed dates below are calculated based on the expected date of the PTAB's institution decision, rather than the date of submission of this report.

The Parties submit the following proposed modifications to the Court's scheduling order pursuant to LPR 1-3.

1. Discovery Cut-Off: Defendant filed its Answer, Defenses, and Counterclaims on September 29, 2017. (ECF No. 7). Pursuant to the Parties' stipulation to stay discovery,

the Parties request all fact discovery shall be completed by all parties on or before March 1, 2019, which is 270 days after the Court's ruling on Plaintiff's Motion to Dismiss.

    2.    Joint Protective Order:  The Parties shall file a joint protective order by July 11, 2018.

    3.    Rule 26(a) Initial Disclosures: July 11, 2018.

    4.    Initial Disclosure of Invalidity Contentions: July 11, 2018.

    5.    Response to Initial Invalidity Contentions and Initial Disclosure of Asserted Claims: August 27, 2018.

    6.    Three Proposed Dates for Pre-Claim Construction Settlement Conference: September 21, 2018, September 24, 2018, or September 26, 2018.

    7.    Motion to Amend Pleadings/Parties: December 3, 2018.

    8.    Expert Designations: December 31, 2018.

    9.    Rebuttal Expert Designations: January 30, 2019.

    10.    Interim Status Report: December 31, 2018.

    11.    Exchange of Proposed Terms of Construction: September 25, 2018.

    12.    Exchange of Preliminary Claim Construction: October 9, 2018.

    13.    Submit Joint Claim Construction and Prehearing Statement: October 23, 2018. The parties shall meet and confer regarding the joint statement before submitting the joint statement.

    14.    Opening Claim Construction Brief by Defendant: November 13, 2018.

    15.    Response to Claim Construction Brief by Plaintiff: December 4, 2018.

    16.    Reply Claim Construction Brief by Defendant and Matter Submitted to court for Hearing: December 11, 2018.

17. Claim Construction Tutorials, Hearing, and Order from the Court: January 8, 2019.

18. Dispositive Motions: April 1, 2019.

19. Joint Pre-trial Order: May 1, 2019. In the event dispositive motions are filed, the date for filing the joint order shall be suspended until 30 days after a decision on the dispositive motions.

**C. Discovery**

The parties propose the following with regard to discovery:

**1.    Scope and subjects of Discovery**

Discovery may be conducted on all matters relevant to issues raised by subsequent pleadings and all matters otherwise within the scope of Rule 26(b)(l) and not protected from disclosure, including, for example: the alleged damages and/or restitution owed to either party and Plaintiff's licensed patents in issue in this action, including the validity of those certain patents. The parties agree that discovery may include the negotiation, representations relating to, execution, and performance of agreements related to the intellectual property, but dispute the scope of discovery relating to those agreements. New Vision contends that discovery should be limited to agreements between the parties, while Bally contends that the scope of discovery should include any agreements related to the intellectual property at issue.

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of the employees of the parties under Rule 30(b)(6), and other relevant witnesses.

**2.    Supplementations**

Supplementations under Fed. R. Civ. P. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

### 3. Protocol for Electronically-Stored Information

Disclosure or discovery of electronically-stored information will be handled as follows:

All electronic files are to be produced in a format that is reasonably usable by the opposing party's review platform, including that the documents must be produced electronically in optical character recognition (OCR) portable document format (PDF).

The parties do not anticipate discovery of native files at this time, as production of native files renders confidentiality designations more difficult and imposes an unnecessary expense given the size and scope of this matter. Each party, however, reserves the right to make a showing of good cause for the production of native files if native files are necessary to perform a complete review.

The following metadata must be produced, to the extent it is available: Beginning Bates, End Bates, and metadata sufficient to show family relationships. The parties do not anticipate the production of additional metadata at this time in light of the expense and the needs of this case. Each party, however, reserves the right to make a showing of good cause for the production of metadata on particular documents.

To avoid the burden and expense of discovery, the parties agree to limit the number of custodians, to limit document production by search terms or other electronically assisted review techniques, and further stipulate to the procedures set forth in the Federal Circuit's Model Order Regarding E-Discovery, available at http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf

### 4. Procedures for Resolving Disputes Regarding Claims of Privilege

The Parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial preparation. The parties request that this proposed procedure be adopted within the Court's further orders.

## IV. SETTLEMENT AND ADR

Up to this point, the parties have been unable to settle the dispute, but remain open to renewed settlement discussions to the extent productive.

The parties considered consent to trial by magistrate judge and use of the Short Trial Program and do not consent to those alternate forms of case disposition.

The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes and about settlement. The parties remain interested in reaching an amicable resolution and would be willing to participate in a settlement conference.

## V. ELECTRONIC EVIDENCE

The Parties intend to present evidence in electronic format to jurors for the purpose of jury deliberations.

ANDERSEN & BROYLES, LLP.

  /s/Samuel G. Broyles, Jr., Esq.
Karl Andersen, Esq.
Samuel G. Broyles Jr., Esq.
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
Attorney for Plaintiff

PERKINS COIE LLP

  /s/ Nathan R. Kassebaum
Jessica L. Everett-Garcia, Esq.
John H. Gray, Esq.
Nathan R. Kassebaum, Esq.
2901 North Central Avenue Suite 2000
Phoenix, Arizona 85012
Attorney for Defendant

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2018