James J. Pisanelli (Nevada Bar #4027)
Debra L. Spinelli (Nevada Bar #9695)
Magali M. Mercera (Nevada Bar #11742)
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101
jjp@pisanellibice.com
dls@pisanellibice.com
mmm@pisanellibice.com

Jessica L. Everett-Garcia (AZ #018359)
John H. Gray (AZ #028107)
Nathan R. Kassebaum (AZ #030646)
(*admitted pro hac vice*)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JEverettGarcia@perkinscoie.com
JGray@perkinscoie.com
NKassebaum@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| NEW VISION GAMING AND DEVELOPMENT, INC., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>BALLY GAMING INC., dba BALLY TECHNOLOGIES, a Nevada corporation,<br><br>Defendant. | Case No. 2:17-cv-1559-APG-PAL<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

The parties enter into this Stipulated Confidentiality Agreement and Protective Order pursuant to Fed. R. Civ. P. 26(c) and 29. Plaintiffs and Defendants are collectively referred to as the "Parties" in this Stipulation and individually as "Party."

The Parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This action concerns contract and patent issues.  The Parties may request and/or exchange documents and information that is confidential to the Parties or third parties and thus have agreed and stipulated to the entry of this Order for the protection of business records, information, financial records, trade secrets, confidential records, commercial information, and related information produced or otherwise disclosed by the Parties in this action.

Whereas, the Parties desire to produce certain documents or other materials that contain proprietary and/or confidential information;

It is hereby stipulated and agreed, by and between the Parties hereto, through their respective counsel of record, that:

1.      **Applicability of this Protective Order:**  Subject to Section 2 below, this Protective Order does not and will not govern any trial proceedings in this action but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production of documents, and all other discovery obtained pursuant to Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party or witness in connection with this action (this information hereinafter shall be referred to as "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties and nonparties that give testimony or produce documents or other information in connection with this action; "Receiving Party" shall refer to the parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 8 and 9 of this Protective Order to obtain access to Confidential Information, or the contents of such Discovery Material.

2.      **No Waiver.**  This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective

1  Order, nor the production of any information or document under the terms of this
2  Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to
3  be a waiver of any rights or objections to challenge the authenticity or admissibility of any
4  document, testimony or other evidence at trial.  Additionally, this Protective Order will
5  not prejudice the right of any party or nonparty to oppose production of any information
6  on the ground of attorney-client privilege, work product doctrine, or any other privilege or
7  protection provided under the law.

8      3.  **Designation of Information**:  Any Producing Party may designate
9  Discovery Material that is in its possession, custody, or control produced to a Receiving
10 Party as "Confidential" under the terms of this Protective Order if the Producing Party in
11 good faith reasonably believes that such Discovery Material contains nonpublic,
12 confidential information as defined in Sections 4 and 5 below.

13     4.  **Confidential Information.** For the purposes of this Order, "Confidential
14 Information" shall mean all information or material which is or has been produced or
15 disclosed to a Receiving Party during the course of this litigation, whether embodied in
16 physical objects, documents, or the factual knowledge of persons, which has been
17 designated in writing as "Confidential" by the Disclosing Party.  "Confidential
18 Information" means any information that constitutes, reflects, or discloses nonpublic
19 information, know-how, or other financial, proprietary, commercially sensitive,
20 confidential business, marketing, regulatory, or strategic information. Confidential
21 Information shall also include sensitive personal information that is not otherwise publicly
22 available. Any Producing Party that produces information during discovery in this action
23 and has a good faith and reasonable basis for claiming that such information constitutes
24 confidential and/or proprietary information may designate such information as
25 "Confidential."

26     5.  **Designating Confidential Information.**  Confidential documents shall be
27 so designated by stamping copies of the document (whether produced in hard copy or
28 electronic form) to a party with the legend "CONFIDENTIAL."   Stamping the legend

1    "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of
2    the document as confidential, unless otherwise indicated by the Producing Party.  If
3    Confidential Information is produced via an electronic form on a computer readable
4    medium, other digital storage medium, or via Internet transmission, the Producing Party
5    or Designating Party shall affix in a prominent place on the storage medium or container
6    file on which the information is stored, and on any container(s) for such medium, the
7    legend "Includes CONFIDENTIAL INFORMATION."  Nothing in this section shall
8    extend confidentiality or the protections associated therewith to any information that does
9    not otherwise constitute "Confidential Information" as defined.  Notwithstanding anything
10   else in this Order, the Parties may stipulate to, and/or any Party may move the Court for,
11   confidentiality protections in addition to those provided in this Order.

12          6.      **Inadvertent Failure to Designate.**  A Party's inadvertent or unintentional
13   failure to designate information as Confidential shall not be deemed, by itself, to be a
14   waiver of the right to so designate such discovery materials as Confidential Information.
15   Within a reasonable time of learning of any such inadvertent failure, the Producing Party
16   shall notify all Receiving Parties of such inadvertent failure and take such other steps as
17   necessary to correct such failure after becoming aware of it.  Disclosure of such discovery
18   materials to any other person prior to later designation of the discovery materials in
19   accordance with this section shall not violate the terms of this Protective Order.  However,
20   immediately upon being notified of an inadvertent failure to designate, all parties shall
21   treat such information as though properly designated, and shall take any actions necessary
22   to prevent any future unauthorized disclosure, use, or possession, as well as reasonable
23   remedial actions to retrieve any information that may have been disclosed to an
24   unauthorized person, including following the procedure in section 14 below.

25          7.      **Persons Authorized to Receive Confidential Information.** Confidential
26   Information produced pursuant to this Protective Order may be disclosed or made
27   available only to the Court, its employees, other court personnel, any discovery referee,
28   mediator or other official who may be appointed by the Court, and to the persons below:

a. A party, or officers, directors, employees, and agents of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. Outside counsel of record for a party in this litigation (including attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel) and designated in-house counsel for the parties;

c. Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action;

d. Court reporter(s) and videographers(s) employed in this action;

e. Any authors or recipients of the Confidential Information, who are named within the document itself or are otherwise stipulated to have been authors or recipients;

f. A witness at any deposition or other proceeding in this action, who shall sign the Confidentiality Agreement attached as "Exhibit A" to this Protective Order before being shown a confidential document; and

g. Any other person as to whom the parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (g) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (c), (f), or (g) of this

1  section shall also be required to execute a copy of the form Exhibit A (which shall be
2  maintained by the counsel of record for the party seeking to reveal the Confidential
3  Information) in advance of being shown the Confidential Information.  No party (or its
4  counsel) shall discourage any persons from signing a copy of Exhibit A.  If a person
5  refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential
6  Information shall seek an order from the Court directing that the person be bound by this
7  Protective Order.  In the event of the filing of such a motion, Confidential Information
8  may not be disclosed to such person until the Court resolves the issue.  Proof of each
9  written agreement provided for under this Section shall be maintained by each of the
10 parties while this action is pending and disclosed to the other parties upon request or upon
11 order of the Court.

12         8.      **Use of Confidential Information.**  Except as provided herein, Confidential
13 Information designated or marked shall be maintained in confidence, used solely for the
14 purposes of this action, to the extent not otherwise prohibited by an order of the Court,
15 shall be disclosed to no one except those persons identified herein in Sections 8 and 9, and
16 shall be handled in such manner until such designation is removed by the Designating
17 Party or by order of the Court.  Confidential information produced by another party shall
18 not be used by any Receiving Party for any commercial, competitive, or personal purpose.
19 Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own
20 Confidential Information in any way.

21         9.      **Use of Confidential Information in Depositions.**  Counsel for any party
22 shall have the right to disclose Confidential Information at depositions, provided that such
23 disclosure is consistent with this Protective Order.  Any counsel of record may request
24 that all persons not entitled under Section 7 of this Protective Order to have access to
25 Confidential Information leave the deposition room during the confidential portion of the
26 deposition. Failure of such other persons to comply with a request to leave the deposition
27 shall constitute substantial justification for counsel to advise the witness that the witness
28 need not answer the question where the answer would disclose Confidential Information.

Additionally, at any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL" (2) whenever counsel for a party deems that the answer to a question may result in the disclosure or revelation of Confidential Information; and/or (3) whenever counsel for a party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, counsel to any party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential Information. If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered nonconfidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information in accordance with the designating party's request. All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be redacted and/or filed under seal as appropriate. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty calendar (30) days of receiving the transcript. Any DVD or other digital storage medium containing Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6.

10. **Notice to Non-Parties.** The Parties agree that documents produced by non-parties in this action should be afforded the same protection contemplated by the parties in this Order. Prior to obtaining any information, documents, or items produced by a non-

party voluntarily or in response to a subpoena or court order, the Party intending to receive the information from a non-party shall provide the non-party with a copy of this Stipulated Confidentiality Agreement and Protective Order. By executing Exhibit "A" to the Stipulated Confidentiality Agreement and Protective Order entitled "Acknowledgment and Agreement to Be Bound," any non-party producing such information shall be entitled to designate documents as Confidential pursuant to its terms and afforded the same protections as the parties as contemplated in the Stipulated Confidentiality Agreement and Protective Order.

11. **Filing of Confidential Information with Court.** Any party seeking to file or disclose materials designated as Confidential Information with the Court in this Action must move to file such Confidential Information redacted and/or under seal. The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential Information. Nothing in this section shall preclude a party from challenging a designation in accordance with Section 16 below.

12. **Knowledge of Unauthorized Use or Possession.** If a party receiving Confidential Information learns of any possession, knowledge, use, or disclosure of any Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure (*e.g.*, by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

13. **Information Not Confidential.** The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

    a. Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information in this

|   |   |   |
|---|---|---|
|   |   | action, and that the Receiving Party is not otherwise obligated to treat as confidential; |
|   | b. | Were obtained without any benefit or use of Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; |
|   | c. | Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information; |
|   | d. | Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or |
|   | e. | Under law, have been declared to be in the public domain. |

14. **Challenges to Designations.** If, at any time, counsel for the Receiving Party believes that the Producing Party has unreasonably designated certain information as Confidential Information, the Receiving Party may object in writing to the designation within thirty (30) days of the disclosure and designation of Confidential Information at issue. If the Parties are unable to confer and agree on the designation, then the Receiving Party may timely file a motion with the Court asserting its challenge to the designation. The Party claiming Confidential Information shall have the burden of establishing confidentiality. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

15. **No Waiver of Privilege**: Disclosure (including production) of information after the parties' entry of this Protective Order that a party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

16. **Effect of disclosure of Privileged Information.** The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request by Disclosing or Producing Party regardless of whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefore. The parties thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) court days after service of the written objection. In the event that the parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies within ten (10) court days of the meet and confer session, but may only contest the asserted privileges on grounds other than the inadvertent production of such document(s). In making such a motion, the Objecting Party shall not disclose the content of the document(s) at issue, but may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

17. **Redaction Allowed:** Any Producing Party may redact from the documents or things it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. Any Producing Party also may redact information that is

both personal and nonresponsive, such as a social security number. A Producing Party may not withhold nonprivileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. The Producing Party shall mark each redaction with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e.g.*, "REDACTED—Work Product"). All documents redacted based on attorney client privilege or work product immunity shall be listed in an appropriate log in conformity with Federal Rule of Civil Procedure 26(b)(5). Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

18. **Inadvertent Production of Non-Discoverable Documents.** If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document. A Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information. If a Producing Party inadvertently fails to redact personal information (*e.g.*, a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall return the original, unredacted document to the Producing Party.

19. **Reservation of Rights.** This Order shall be without prejudice to the rights of the Parties to present a motion to the Court under applicable Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order. Such motion, however, shall only be made after the Parties have engaged in a good faith effort to resolve the issue prior to any application to the Court. Nothing in this Stipulation shall restrict the use or disclosure by a Party of information that it alone has designated as Confidential. In addition, this Stipulation shall not limit or circumscribe in

any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

20. **Other Actions and Proceedings**. If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by electronic transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process, or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. The burden of opposing enforcement of the subpoena shall fall upon the party or nonparty who produced or designated the Discovery Material as Confidential Information. Unless the party or nonparty who produced or designated the Confidential Information obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**Order Survives Termination.** ~~This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upo~~n Final termination of this action, including all appeals, and upon request by the Producing Party, the Receiving Party shall, at its option, either return to the Producing Party or destroy all physical objects and documents which embody Confidential Information and which were received from the Producing Party, and shall destroy, in whatever form stored or reproduced, all other physical objects and

[Edited by the court.]

-12-

1  documents produced by the Producing Party to the Receiving Party during the litigation.
2  However, counsel for a Party shall be entitled to retain a copy of such Confidential
3  Information, including, but not limited to, pleadings, correspondence, memoranda, notes,
4  and other work product materials which contain or refer to such information, provided that
5  all Confidential Information embodied in physical objects and document shall remain
6  subject to this Order.

Dated:  August 24, 2018          **ANDERSEN & BROYLES, LLP**

By: *s/ Karl Andersen with permission*
   Karl Andersen
   Samel G. Broyles, Jr.
   5550 Painted Mirage Rd., Suite 320
   Las Vegas, Nevada 89149

*Attorneys for Plaintiff New Vision Gaming, Inc.*

Dated:  August 24, 2018          **PISANELLI BICE, PLLC**

By: *s/ Debra L. Spinelli with permission*
   James J. Pisanelli
   Debra L. Spinelli
   Magali M. Mercera
   400 South 7th Street, Suite 300
   Las Vegas, Nevada 89101

**PERKINS COIE LLP**

By: *s/ John H. Gray*
Jessica L. Everett-Garcia
John H. Gray
Nathan R. Kassebaum
(admitted *pro hac vice*)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Defendant and Counterclaimant Bally Gaming, Inc.*

**ORDER**

IT IS SO ORDERED.

DATED: August 27, 2018

_____
UNITED STATES MAGISTRATE JUDGE

# FORM ATTACHMENT "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court, District of Nevada on _____ [date] in the action entitled _____.; Case No. _____. I agree to comply with and to be bound by all of the terms of this Stipulated Confidentiality Agreement and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

140348697.1