# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEW VISION GAMING & DEVELOPMENT, INC., <br><br> Plaintiff <br><br> v. <br><br> BALLY GAMING, INC., <br><br> Defendant | Case No.: 2:17-cv-01559-APG-PAL <br><br> **Order (1) Granting Motion to Stay, (2) Granting Motion to File Sur-Reply, and (3) Denying Without Prejudice Dispositive Motions** <br><br> **[ECF Nos. 28, 49, 50, 62]** |

This is a dispute over the parties' obligations under a licensing agreement and the validity of the patents underlying that agreement: United States Patent Nos. 7,325,806 ('806 patent) and 7,451,987 ('987 patent). After defendant Bally Gaming, Inc. (Bally) stopped paying royalties under the agreement, plaintiff New Vision Gaming & Development, Inc. (New Vision) filed suit. New Vision alleges claims for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, accounting, and declaratory relief. ECF No. 1. Bally counterclaimed, asserting claims for a declaration of patent invalidity, material breach of contractual warranties, mistake, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and declaratory relief. ECF No. 7.

On December 15, 2017, Bally filed petitions with the United States Patent Trial and Appeal Board (PTAB) seeking a covered business method ("CBM") review of New Vision's '806 and '987 patents. ECF Nos. 44-1; 51-3; 51-4. On June 22, 2018, the PTAB issued preliminary rulings that it is more likely than not that all of the challenged claims in each patent are unpatentable. *Id.* The PTAB has set a schedule for further proceedings on a final patentability decision. *Id.*

New Vision moves to partially stay the case, arguing that given the PTAB's review, the patent validity issues in this case should be stayed pending a final decision by the PTAB. New Vision contends a stay is appropriate because it would simplify this action and save the parties' and the court's resources. New Vision argues it is burdensome to litigate the same issue in two fora and it unfairly gives Bally two bites at the invalidity apple.

Bally responds that a partial stay is unwarranted because New Vision's contractual claims are intertwined with patent invalidity issues, so a partial stay would not simplify the case. According to Bally, a partial stay would complicate discovery because the parties may dispute what issues go to invalidity versus breach of contract. Bally also argues the PTAB review will resolve only one invalidity challenge, while Bally has asserted multiple grounds for invalidity in its counterclaims, and it will not resolve New Vision's breach of contract claim. Bally contends that although discovery is ongoing and no trial date has been set, the case is more than a year old and the parties have already expended substantial resources litigating this case. Bally contends New Vision wants to stay Bally's counterclaim but proceed with New Vision's contractual claims, thus giving New Vision a tactical advantage.

In its reply, New Vision alternatively seeks a stay of the entire case pending PTAB review. Because New Vision raised this argument for the first time in its reply, Bally moves for leave to file a sur-reply. In its sur-reply, Bally argues that a full stay is not warranted because New Vision has taken the position that it is accruing damages every day under its breach of contract claim, so a stay only increases New Vision's damages, to Bally's detriment.

I grant New Vision's motion and stay the entire case pending completion of the proceedings before the PTAB. The factors I must consider when deciding whether to stay a case pending a CBM review strongly weigh in favor of a stay.

# I. ANALYSIS

Section 18(b) of the America Invents Act (AIA) governs whether to grant a stay pending a CBM review before the PTAB. *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Centers Inc.*, 767 F.3d 1383, 1384 (Fed. Cir. 2014); Pub. L. No. 112-29, § 18, 125 Stat. 284, 32-31 (2011). That section sets out the four factors I should consider when deciding whether to grant a stay:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Benefit Funding Sys. LLC*, 767 F.3d at 1384 (quoting AIA § 18(b)(1)).

## A. Simplify Issues and Streamline the Trial

A stay will simplify the issues because one of Bally's counterclaims is for patent invalidity, asserting in part that all of the claims in New Vision's patents cover unpatentable subject matter. ECF No. 7 at 13. The PTAB has made a preliminary finding that this is the case. If that is the PTAB's final ruling, then the invalidity question is resolved in its entirety, relieving me and the parties from having to address Bally's other invalidity contentions. Even if the PTAB finds some or all claims cover patentable subject matter, the case will be simplified because I will not have to resolve that defense, as Bally will be estopped from challenging the PTAB's determination. *Benefit Funding Sys. LLC*, 767 F.3d at 1385, 1387. Although the PTAB's decision will not dispose of the entire case, it will determine a significant point of contention between the parties, and there is a likelihood that it will entirely resolve one of

3

Bally's counterclaims. This factor thus strongly favors a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (holding this factor favored a stay where the PTAB had concluded that it more likely than not would invalidate all claims at issue, so there would be no need for the district court to consider invalidity based on prior art).

Bally's assertion that trial will not be streamlined by a partial stay is well taken. The breach of contract claims cannot be reduced to final judgment absent a decision on invalidity because that will impact, at a minimum, a damages calculation. Consequently, this factor favors a stay of the entire case, not just a partial stay.

### B. Status of this Case

Generally, "the relevant time to measure the stage of litigation" is the time when the motion to stay was filed. *Id.* at 1317. This case was filed on June 2, 2017. ECF No. 1. The parties agreed to stay discovery pending a ruling on New Vision's motion to dismiss Bally's counterclaims. ECF Nos. 23, 25. I ruled on the motion to dismiss on June 4, 2018. ECF No. 40. The parties thereafter submitted a joint stipulation regarding scheduling. ECF No. 41. In that stipulation, Bally stated that it "expects to file a motion to stay the present litigation pursuant to §18(b)" of the AIA. *Id.* at 2. Magistrate Judge Leen set a hearing on the stipulation for July 10, 2018. ECF No. 42. At that hearing, Bally indicated that it would not seek a stay as it had indicated in the stipulation. Approximately a month later, New Vision filed the present motion to stay. ECF No. 49.

Viewing the case status as of August 2018, when New Vision filed its motion to stay, the parties had conducted little to no discovery. New Vision had filed a motion for summary judgment, but Bally asserted the motion should be denied as premature because the parties had not yet conducted discovery. ECF Nos. 28; 33 at 9. No trial date had been set. In practical

4

terms, this case was in its relative infancy even though it had been pending for a little over a year. This factor weighs in favor of a stay. *VirtualAgility Inc.*, 759 F.3d at 1317.

### C. Undue Prejudice and Tactical Advantages

Undue prejudice "focuses on the [non-moving party's] need for an expeditious resolution of" the lawsuit. *Id.* at 1318. A stay would not unduly prejudice Bally. Bally agreed to stay discovery pending resolution of the motion to dismiss and indicated that it was going to seek a stay pending PTAB review. Bally also requested I deny or defer consideration of New Vision's summary judgment motion because the case was in its early stages and no discovery had been conducted. Bally thus has been willing to stay this case's progress when it suited Bally's interests. Bally has not identified any prejudice that will result from the stay involving a potential loss of evidence.

Bally contends it will be prejudiced because under New Vision's theory of the case, New Vision continues to accrue damages on the breach of contract claim until a court or the PTAB invalidates the patents. However, Bally disputes this is the correct interpretation of the parties' agreement. If Bally is correct that it owed no royalties once it informed New Vision that it was challenging the patents' validity, then the stay does not increase New Vision's damages. If New Vision is correct, then that is the consequence of the contractual arrangement Bally made. Bally could have petitioned for CBM review sooner or it could have chosen not to pursue CBM review and allow this court to resolve all issues. Having chosen to initiate CBM review, Bally cannot show prejudice if I stay this matter to allow Bally's chosen process to conclude.

Each party has sought a tactical advantage by advocating that I rule on its pending motion but not to rule on the other side's motion. I will deny both motions without prejudice to renew

after the PTAB proceedings have concluded. That way, neither party gains a tactical advantage from having only its motion adjudicated.

Finally, it is Bally that seeks to gain a tactical advantage by attempting to adjudicate the same invalidity issue here and in front of the PTAB. "[T]wo separate opportunities in two separate forums to challenge the validity of [a] patent does raise a concern of an unfair tactical advantage, giving [the defendant] two bites of the apple as to a central defense." *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 484 (E.D. Va. 2014); *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1003 (Fed. Cir. 2015) (concluding a similar attempt to litigate the same defense in court and before the PTAB was "a clear tactical advantage").

Bally would not be unduly prejudiced by a stay. Additionally, Bally would gain a clear tactical advantage through its effort to obtain two separate opportunities before two fora to prevail on the same defense. This factor therefore favors a stay or, at best for Bally when considering the potential for accruing contract damages, is neutral.

**D. Reducing the Burden**

This factor strongly favors a stay. If the PTAB invalidates New Vision's patents (and it has given a preliminary indication that result is likely), then neither I nor the parties will have to expend resources addressing any of Bally's invalidity contentions in this litigation.

**E. Summary**

Most of the factors strongly favor a stay. There is no factor that strongly disfavors a stay. Streamlining issues for trial, prejudice, and tactical advantage can be addressed through a stay of the entire case rather than a partial stay. I therefore grant New Vision's motion to stay, but I stay the entire case. I deny the parties' pending dispositive motions without prejudice to renew once the stay is lifted.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff New Vision Gaming & Development, Inc.'s motion to stay **(ECF No. 49) is GRANTED**. This case is **STAYED** in its entirety until the proceedings before the United States Patent Trial and Appeal Board have concluded. Once those proceedings have become final, any party may move to lift the stay.

IT IS FURTHER ORDERED that defendant Bally Gaming, Inc.'s motion for leave to file sur-reply **(ECF No. 62) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff New Vision Gaming & Development, Inc.'s motion for summary judgment **(ECF No. 28)** and defendant Bally Gaming, Inc.'s motion for judgment on the pleadings **(ECF No. 50) are DENIED** without prejudice to renew once the stay is lifted.

DATED this 26th day of November, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE