UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NEW VISION GAMING & DEVELOPMENT, INC., | Case No. 2:17-cv-01559-APG-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| LNW GAMING, INC., | |
| Defendant. | |

Before the Court is Defendant LNW Gaming's Motion for Leave to File First Amended Answer, Defenses, and Counterclaims. ECF No. 148. Plaintiff New Vision Gaming opposed (ECF No. 153), and LNW replied. ECF No. 156. Because New Vision fails to meet its burden of showing that LNW can prove no set of facts that would constitute a valid and sufficient claim, amendment is not futile. As such, the Court grants LNW's Motion and allows it to bring counterclaims for breach of contractual warranties, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement as well as the prayer for restitution of royalties.

**I.     BACKGROUND**

New Vision filed its complaint over seven years ago in June 2017, seeking unpaid royalties for LNW's alleged breach of the parties' licensing agreement related to the '806 and '987 patents. *See generally* ECF No. 1. LNW counterclaimed, arguing that New Vision breached the warranty and released LNW from its obligations under the agreement. *See generally* ECF No. 7. According to LNW, New Vision breached the warranty because it knew or should have known that (1) the patents were invalid and (2) there was a basis for adverse litigation. *Id.* at 15–16.

New Vision moved to dismiss LNW's counterclaims. ECF No. 14. The Court dismissed LNW's breach of contractual warranties claim without prejudice because it found that the Brunn lawsuit—which settled before resolution of the case on its merits—and the existence of the '289

patent were insufficient to put New Vision on notice that the '806 and '987 patents may be invalid or subject to adverse litigation. ECF No. 40 at 3–4. The Court also dismissed LNW's breach of the implied covenant claim without prejudice on the same basis. *Id.* at 4. LNW's mutual mistake and unjust enrichment claims survived. *Id.* at 4–5. But because LNW, as a matter of law, was not entitled to a refund of royalties paid *before* it challenged the validity of the patents, the Court dismissed this request with prejudice. *Id.* at 6.

At the end of 2018—before the parties' deadline to amend pleadings—the Court stayed the case until the '806 and '987 patents' invalidity proceedings before the U.S. Patent Trial and Appeal Board concluded. ECF No. 82; *see also* ECF No. 41. In June 2019, the PTAB found the patents invalid for claiming patent-ineligible subject matter. *See* ECF Nos. 87, 88. New Vision appealed the decisions to the Federal Circuit but later voluntarily dismissed the '806 patent appeal. *See* ECF No. 133. Ultimately, the Federal Circuit affirmed the PTAB's decision regarding the invalidity of the '987 patent in January 2024. *See id.*

In the following months, the parties engaged in settlement discussions. ECF Nos. 137, 139, 141–43. In August 2024, when settlement discussions were no longer fruitful, the Court lifted the stay and allowed LNW to file a motion to amend its counterclaims. ECF No. 145. LNW timely filed this Motion, seeking to amend its previously dismissed claims for breach of contractual warranties and breach of the implied covenant as well as add a claim for fraudulent inducement. ECF No. 148.

## II.   LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067,

1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

### III. ANALYSIS

LNW seeks to restore its previously dismissed counterclaims for breach of contract and breach of the implied covenant as well as add a counterclaim for fraudulent inducement. ECF No. 148 at 3–4. LNW claims that following dismissal, it learned additional facts during discovery that establish New Vision's knowledge of the '987 patent's invalidity. *Id.* at 5. Such knowledge, LNW asserts, shows that New Vision knew that the licensing agreement's warranties—which state that to New Vision's knowledge, there was no basis for patent invalidation or adverse litigation—were false. *Id.* LNW therefore alleges that New Vision

fraudulently induced it to enter the licensing agreement on false pretenses. *Id.* at 5, 10. And for this, LNW's proposed amendment includes a prayer for recoupment of past royalties. *Id.* at 4.

New Vision disputes LNW's contention that its counterclaims were dismissed because the patents were not yet adjudicated to be invalid. ECF No. 153 at 4 n.5. It argues that amendment is futile because LNW has not proffered any new factual bases to permit renewal of its dismissed counterclaims or addition of its new counterclaim. *Id.* at 6. First, it asserts that as the Court previously found, the Brunn lawsuit does not show that New Vision knew there was a basis for an adverse legal claim. *Id.* at 6–7. Second, New Vision contends that the 2009 Brunn Email does not establish a meritorious basis for the counterclaims because it is a single email that merely offers an opinion regarding potentially invalidating patents without analysis or review. *Id.* at 7–8. Third, it argues that the ultimate determination of invalidity by the PTAB does not demonstrate that New Vision knew the patents were invalid, as it was entitled to rely on their presumptive validity. *Id.* at 8. Finally, New Vision maintains that like the initial counterclaims, LNW fails to plead sufficient facts to show that the existence of the '289 patent put New Vision on notice that the patents were invalid or that there was a basis for adverse litigation. *Id.* at 9. Thus, New Vision reasons, LNW fails to allege new facts to rectify the counterclaims' prior deficiencies. *Id.* at 10.

New Vision is correct that the counterclaims were not dismissed because the patents had not yet been adjudicated as invalid, but instead they were dismissed because LNW did not plausibly allege that New Vision had knowledge of potential invalidity or adverse litigation. ECF No. 40 at 3–4. Thus, as New Vision points out, had LNW failed to plead additional facts, it would not have cured its prior deficiencies. However, LNW's amended counterclaims *do* set forth additional facts that could overcome the claims' prior deficiencies and constitute valid and sufficient claims.

LNW newly alleges that during the Brunn litigation, Mr. Brunn sent an email to New Vision's CEO in November 2009 identifying six prior art patents that he asserted invalidated the '987 patent because they were of the same method. ECF No. 148-4 at ¶¶ 18–19. Among these

4

patents, LNW claims, Mr. Brunn identified the '758 patent, which supposedly invalidated the '987 patent due to "anticipation/lack of novelty." *Id.* at ¶ 20. LNW also pleads that Pai-Gow Mania—a game that New Vision published on its website as early as April 2003—constitutes invalidating prior art because the claims of the '987 patent are "anticipated and/or would have been obvious" in light of Pai-Gow Mania. *Id.* at ¶¶ 25–28.

Based on these new allegations, in conjunction with its original factual contentions, LNW reasons that New Vision knew that the '987 patent was invalid when it negotiated the licensing agreement with LNW. *Id.* at ¶¶ 23, 29–30. Thus, according to LNW, New Vision omitted information regarding the vulnerability of the patents during contract negotiation and falsely represented that (1) the patents were valid and (2) New Vision had no reason to believe that there was a basis for invalidation or adverse litigation. *Id.* at ¶¶ 30–31, 35. Lastly, LNW states that the patents' ultimate adjudication of invalidity is consistent with New Vision's knowledge and withholding of information. *Id.* at ¶¶ 50–55.

While New Vision asserts that the amended factual contentions remain insufficient to establish knowledge, such determination is better reserved for a later stage. *Netbula*, 212 F.R.D. at 539. For the Court to deny amendment based on futility, New Vision must establish that LNW "can prove no set of facts" that would constitute valid and sufficient claims. *Barahona*, 881 F.3d at 1134. Given LNW's newly alleged facts and their potential to cure the counterclaims' prior deficiencies, the Court finds that the breach of contractual warranties and breach of the implied covenant claims are not futile. And because New Vision's sole argument concerning LNW's fraudulent inducement counterclaim also surrounds the purported insufficiency of the allegations, this claim too is not futile. As such, the Court grants LNW's Motion and allows it to bring these amended counterclaims.

Lastly, LNW's proposed amendments include reinstatement of its prayer for restitution in the form of royalties, including those paid *before* it notified New Vision that it was challenging the validity of the patents. ECF No. 148-4 at 23 ¶ 4. Generally, a patent licensee cannot recoup royalties paid before it affirmatively declares a patent invalid or otherwise seeks a determination

5

of the patent's invalidity. *Bristol Locknut Co. v. SPS Techs., Inc.*, 677 F.2d 1277, 1283 (9th Cir.1982); *Rite–Nail Packaging Corp. v. Berryfast, Inc.*, 706 F.2d 933, 936 (9th Cir.1983). Thus, the Court previously dismissed LNW's request for past royalties with prejudice because LNW was not entitled to them as a matter of law. ECF No. 40 at 6.

However, an exception to this rule "occurs when a patent holder has induced the licensee to enter into the license agreement through fraud; in such event, the licensee is entitled to restitution of his royalty payments." *Farnam Companies, Inc. v. Stabar Enterprises, Inc.*, No. CV05-1520PHXNVW, 2005 WL 3334348, at *3 (D. Ariz. Dec. 8, 2005) (quoting *Transitron Elec. Corp. v. Huges Aircraft Co.*, 649 F.2d 871, 874 (1st Cir.1981)). When the Court previously found that LNW was not entitled to past royalties as a matter of law, LNW had not brought a claim for fraudulent inducement—thus, the exception was inapplicable. *Compare* ECF No. 7 *with* ECF No. 148-4.

But now, LNW's allegations "are sufficient *for purposes of this motion* to allege that the fraud exception may apply to [its] claim for recovery of past royalties under *Transitron*. [LNW's] proposed claim for restitution is therefore not futile at this juncture." *Delano Farms Co. v. California Table Grape Comm'n*, No. 1:07-cv-01610-LJO, 2012 WL 1899196, at *7 (E.D. Cal. May 23, 2012) (emphasis in original). Whether the fraudulent inducement claim is plausibly alleged—and, in turn, whether such relief is ultimately permitted—is a determination for a later stage. For now, the Court allows this amended request.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that LNW's Motion for Leave to File First Amended Answer, Defenses, and Counterclaims is **GRANTED**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to detach and file the Proposed First Amended Answer, Defenses, and Counterclaims (ECF No. 148-4) on the docket.

DATED this 25th day of February 2025.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　BRENDA WEKSLER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE