UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

New Vision Gaming & Development Inc.,

Plaintiff,

v.

LNW Gaming, Inc.

Defendant.

Case No. 2:17-cv-01559-APG-BNW

**ORDER**

Before this Court is a motion by former Plaintiff's counsel, Karl Andersen of Andersen & Broyles, LLP, to adjudicate his attorney's lien. ECF No. 189. Plaintiff New Vision Gaming and Development, Inc. opposes the motion because, it argues, the motion is premature given that judgment has not been entered in this case. ECF No. 190. Plaintiff also contests the amount of the attorney's lien. *Id.* For the reasons explained below, this Court denies Andersen's motion without prejudice.

I.      **Legal Standard**

The Court has ancillary jurisdiction over fee disputes generated by an attorney's withdrawal. *See, e.g., Federal Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction."). The state's law in which a federal court sits governs resolution of an attorney's lien. *Guerrero v. Wharton*, No. 2:16-cv-01667-GMN-NJK, 2019 WL 2814662, at * 2 (D. Nev. June 17, 2019). This Court sits in the state of Nevada, so Nevada law applies.

II.     **Analysis**

A.  **Type of lien**

Under Nevada Revised Statute § 18.015(1), an attorney can obtain two types of liens: (1) a charging lien and (2) a retaining lien. *See also Fed. Nat'l Mortg. Ass'n v. Villagio Comm. Ass'n*,

1

No. 2:17-cv-01799-JAD-CWH, 2018 WL 6059512, at *2 (D. Nev. Oct. 30, 2019). Each lien "is for the amount of any fee which has been agreed upon by the attorney and client." Nev. Rev. Stat. 18.015(2). In the absence of an agreement, however, the lien "is for a reasonable fee for the services which the attorney has rendered for the client." *Id.*

A charging lien is upon "any claim, demand[,] or cause of action," which the client place in the attorney's hands "for suit or collection, or upon which a suit other action has been instituted". *Id.* § 18.015(1)(a). Such a lien "attaches to any verdict, judgment[,] or decree entered and to any money or property which is recovered on account of the suit or other action." *Id.* § 18.015(4)(a). Thus, a charging lien requires a projected affirmative money recovery. *Fed. Nat'l Mortg. Ass'n*, 2018 WL 6059512, at *2.

A retaining lien is "upon any file or other property that the client left in their attorney's possession", including "copies of the attorney's file if the original documents received from the client have been returned to the client." Nev. Rev. Stat. § 18.015(1)(b). Unlike a charging lien, a retaining lien does not require a verdict, judgment, decree, or affirmative money recovery. *Sipe v. Music Tribe Com. NV, Inc.*, 2:20-cv-00299-JCM-BNW, 2021 WL 3361684, at *3 (D. Nev. June 30, 2021) (internal citation omitted). Such liens depend only on possession of the client's file or other property and apply to a general balance for professional services performed. *Nationstar Mort., LLC v. Desert Shores Comm. Ass'n*, No. 2:15-cv-01776-KJD-CWH, 2017 WL 1788682, at *2 (D. Nev. Jan. 13, 2017) (citing Nev. Rev. Stat. 18.015(4)(b)). If a retaining lien attaches, then the statue authorizes the attorney to retain a client's property until the lien is adjudicated under Nev. Rev. Stat. 18.015(6).

Here, Andersen does not specify whether he seeks a retaining lien, a charging lien, or both. Thus, this Court is unable to determine whether he is authorized to retain files or property or whether the requested lien would attach to any potential verdict, judgment, or decree entered in favor of Plaintiff.

//

//

2

### B. Perfected lien

To perfect either of the liens set forth in NRS 18.015(1), an attorney must serve notice of the lien upon their client "in writing, in person or by certified mail, return receipt requested." Nev. Rev. 18.015(3). The notice must claim the lien and state its amount. *Id.* Liens can be perfected even when litigation is ongoing, and representation is based on a contingency fee. *See e.g.*, *Golightly & Vannah, PLLC v. TJ Allen LLC*, 373 P.3d 103, 106 (Nev. 2016) (holding that an attorney working on contingency was not prohibited from perfecting a lien prior to settlement).

Here, the affidavit attached to the firm's motion to enforce the perfected lien states that the lien was properly served on February 7, 2025, per NRS 18.015(3). ECF No. 189 at 6. Plaintiff also acknowledges receipt of the lien.[1] ECF No. 190-1. Andersen's notice of attorney lien claims a lien and specifies the amount of the lien—$411,032.43 plus ongoing interest at an annual rate of 18%—as required by the statute.[2] Thus, Andersen has perfected his lien.

### C. Reasonableness of fees and hours worked

Andersen claims a lien for $411,032.43 based on the hourly rate of $375 per hour for attorneys and $200 per hour for paralegals as well as an annual fee of $15,000 for long term litigation costs. ECF No. 189 at 2–3. The agreed-upon fee "controls the amount of the lien, but "[the] court determines the reasonableness of the award." *Fed. Nat'l Mortg. Ass'n v. Villagio Comm. Ass'n*, No. 2:17-cv-01799-JAD-CWH, 2018 WL 6059512, at *2 (D. Nev. Oct. 30, 2019). The Supreme Court of Nevada has identified four factors to consider when determining attorneys' fees: (1) the qualities of the advocate, including their training, education, experience, professional standing, and skill; (2) the character of the work to be done, including its difficulty intricacy, importance, the time and skill required, the responsibility imposed, and the prominence and character of the parties; (3) the work actually performed by the lawyer, including the skill, time, and attention given to the work; and (4) the result, including whether the attorney was successful. *Brunzell v. Golden Gate Nat. Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).

---

[1] The notice of attorney lien was also filed on the docket on February 6, 2026, at ECF No. 157.
[2] Andersen states that once applicable interest has been calculated, the final amount of the lien will be reduced by $100,000.

3

Here, Andersen's motion does not provide any argument as to the reasonableness of fees and fails to provide invoices that show what type of work was performed or the time that was required to perform it. Accordingly, it is impossible for this Court to determine the reasonableness of the lien amount. Because this Court cannot determine whether the requested fee is reasonable and because it is unclear as to the type of lien that the firm wishes to enforce, this Court cannot adjudicate the lien.

III.     **Conclusion**

**IT IS THEREFORE ORDERED** that Andersen & Broyles, LLP's Motion to Enforce Perfected Attorney's Fee Lien (ECF No. 189) is DENIED without prejudice.

DATED: April 3, 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4